## STANLEY *vs.* ADDISON ET AL.

| 8 207|
|114 246|

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A *certified copy* of a deed or private act of sale, signed by the vendor and two witnesses, and recorded in the parish judge's office, is admissible and competent evidence to prove title to the property, when one of the sub-scribing witnesses swears, the vendor told him, in his life-time, that he had destroyed the original deed.

Where the destruction of a deed is only proved by a single witness, who testified to the declaration of the vendor, that he had destroyed it in a drunken frolic: *Held*, that the proof is sufficient and legal, as the witness was not called on to prove a contract; but only to testify to a fact. Evidence of the confessions of the vendor, under whom the plaintiff claims in this case, is sufficient to prove the loss of the original deed.

A vendee only incurs, in ordinary cases, the obligation to pay the price; and when that is acknowledged in the act to have been paid and received by the vendor, the signature of the vendee is not necessary to bind him or to show that he assented to the sale. His assent may be proved *aliunde*.

This is an action to recover from the defendants, a lot of ground in the faubourg Lafayette. The plaintiff alleges he purchased it from one P. L. Nott, now deceased, on the 26th March, 1829, as appears by a deed or bill of sale signed by the vendor in the presence of two subscribing witnesses, and recorded in the parish judge's office, for the parish of Jefferson, *a true copy of which is annexed to his petition.*

Addison, one of the defendants, claimed an interest in this lot as making part of the succession of Nott, on the ground

that he was universal legatee. He let judgment go by default.

Eliza Nott, daughter of the vendor and wife of Doane, was cited, and answered by pleading a general denial. She avers, she is the forced heir of her father, and had adjudged to her one-half of his succession, of which, the lot in question makes a part; and that the plaintiff has no title to it.

On the trial, M'Carty, a witness for the plaintiff, declared, "that he was applied to by Nott, about four or five years ago, to draw up the bill of sale or deed for the lot in contest, which was signed by Nott, the vendor, and by two witnesses, including himself; that he directed Nott to take it to the parish judge's office, and have it recorded. The price of the lot was what is stated in the copy produced. Nott told witness, that in a drunken frolic, he had destroyed the bill and act of sale, and asked what would be the consequence; witness told him, that as to the bill of sale, it was no consequence, as it was recorded."

The plaintiff offered a certified copy of the bill of sale, from the parish judge's office, in evidence, the reading of which was objected to by the defendant, first, on the ground that there is no proof of its being a copy of the original act; second, that it is not completed, as it is not signed by Stanley, the vendee, as there is no proof that he assented to the act; third, the destruction or loss of the original act was not advertised. The court overruled the objections, and the defendants took a bill of exceptions. There was judgment for the plaintiff, that he recover the lot in question. After an unsuccessful attempt to obtain a new trial, the defendants appealed.

*Preston,* for the plaintiff.

In this case, judgment has been rendered on legal and sufficient evidence, and should not be disturbed.

*M'Millen, contra,* contended, that judgment was rendered on the parole testimony of a single witness, when the suit is based on a written contract, which is insufficient. The

necessary legal steps were not taken, to authorise the copy of the alleged bill of sale to be read in evidence, and recover on it.

2. It is not proved that Nott, the vendor, ever signed the act of sale, or that Stanley ever accepted it.

3. The amount or value of the property claimed, is over five hundred dollars, and only one witness offered to support it ; the plaintiff should have been non-suited.

4. The judgment is void on its face, because no reasons are given for it.

*Martin, J.,* delivered the opinion of the court.

The plaintiff instituted suit, in which he seeks to be declared the true and legal owner of a lot of ground in the faubourg Lafayette, to which the defendants lay claim ; one of them as legatee, and the other, as heir of the plaintiff's vendor.

On the trial of the cause, in the District Court, judgment was rendered by default, against one of the defendants; and, against the other, on the plea of the general issue. From this judgment, both of the defendants appealed.

The attention of this court has first been called to a bill of exceptions, taken to the decision of the District Court, admitting a copy of the deed, under which the plaintiff claims, in evidence. Its admission was objected to, on the ground that, being an act under private signature, made by the grantor, its execution was not proved according to law ; that the loss or destruction of the original instrument, was supported and proved entirely by hearsay evidence, and by one witness only, when the lot or property in contest is worth more than five hundred dollars.

The grounds stated in the bill of exceptions, on which this copy was admitted in evidence, are, that it was proved that the grantor had caused the original deed to be recorded. The evidence shows that the grantor requested a person, who also appears to be one of the subscribing witnesses to the deed, to prepare it; and that he executed it in the presence of that person and another subscribing witness, and the

*A certified copy of a deed or private act of sale, signed by the vendor and two witnesses and recorded in the*

27

STERN DIST.
*April*, 1835.

STANLEY
*vs.*
ADDISON ET AL.

parish judge's office, is admissible and competent evidence to prove title to the property, when one of the subscribing witnesses swears the vendor told him in his lifetime that he had destroyed the original deed.

Where the destruction of a deed is only proved by a single witness, who testified to the declarations of the vendor, that he had destroyed it in a drunken frolic : *Held*, that the proof is sufficient and legal, as the witness was not called on to prove a contract, but only to testify to a fact. Evidence of the confession of the vendor under whom the plaintiff claims in this case, is sufficient to prove the loss of the original deed.

A vendee only incurs, in ordinary cases, the obligation to pay the price ; and when that is acknowledged, in the act, to have been paid and received by the vendor, the signature of the vendee is not

grantee, the present plaintiff. After the deed was signed and witnessed, in the presence of the parties, it is shown that the person who drew up the instrument, advised the grantor to carry it to the office of the parish judge, and have it recorded. The grantor afterwards informed this person, he had destroyed the deed, whilst in a drunken frolic, and asked what the consequences of such an act would be, and was answered, that, as the deed was recorded, the destruction of it was immaterial.

It has been contended in argument, and relied on by the defendants, in this court, that the judge *a quo* erred in admitting this evidence ; because, the destruction of the deed was only proved by a single witness, who testified to what he heard others say ; and, because the deed was not signed by the grantee, and that there was no evidence of his assent thereto.

This court is of opinion, the district judge did not err in this matter. The witness was not called to testify as to a contract, but to a fact, the destruction of a deed. He gave evidence of the confession or admission of the grantor, the person under whom the defendants claim. The absence of proof of the grantee's having signed the deed, or of his assent thereto, ought not to have prevented its admission. The effect of the absence of this evidence, before the recording of the deed, was a matter of posterior consideration.

The deed being legally proved to have been unintentionally destroyed by the grantor, evidence of its contents results from the declaration of the witnesses, and the copy given by the parish judge, of what is written and inscribed on his records. On this evidence, a jury, or the court of the first instance, may well have concluded, that the deed once existed, and that its contents were proved. If, however, the jury had come to the opposite conclusion, this court would not have been necessarily bound to reject it ; but, we are not to say that the judge erred in considering the deed as proved.

The deed acknowledges the receipt of the price, and the subscribing witness says, the consideration was a sum due by the grantor, to the grantee. As a vendee incurs no

obligation in an ordinary contract of sale, except that of paying the price, which, in the present case, is acknowledged to have been paid, it is clear, his signature was not needed to bind him.   His assent might be proved *aliunde*.  It may be inferred, in the present case, from his presence at the execution of the deed, and his subsequent claim under it.

EASTERN DIST.
*April,* 1835.

necessary to bind him or to show that he assented to the sale. His assent may be proved *aliunde*.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.